

**25SL-CC10049 - ANDREW SARNIGUET V. AB CAR RENTAL SERVICES, INC. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

Sort Date Entries: ●Descending ○Ascending          Display Options: [All Entries ▾]

**10/27/2025**

**Agent Served**
Document ID - 25-SMCC-15181; Served To - AB CAR RENTAL SERVICE, INC.; Served Date - 10/14/2025; Served Time - 00:00:00; Service Type - SD; Reason Description - SERV; Service Text -

**09/17/2025**

**Summons Issued-Circuit**
Document ID: 25-SMCC-15181, for AB CAR RENTAL SERVICE, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09/09/2025**

**Judge Assigned**
DIV 1

**Filing Info Sheet eFiling**

    **Filed By:** CHRISTOPHER JUSTIN HERMAN
⊞ Pet Filed in Circuit Ct
PETITION FOR DAMAGES; EXHIBIT 1.
    **Filed By:** CHRISTOPHER JUSTIN HERMAN
    **On Behalf Of:** ANDREW SARNIGUET

**EXHIBIT**

**A**

25SL-CC10049

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| ANDREW SARNIGUET | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **AB Car Rental Services, Inc.** | )    **JURY TRIAL DEMANDED** |
| Serve: | ) |
| **CSC-LAWYERS INCORPORATING** | ) |
| **SERVICE COMPANY** | ) |
| **221 BOLIVAR ST.** | ) |
| **JEFFERSON CITY, MO 65101** | ) |
| | ) |
| **Defendant.** | ) |

## PETITION

COMES NOW Plaintiff Andrew Sarniguet ("Plaintiff"), by and through his undersigned counsel, and for his cause of action against Defendant AB Car Rental Services, Inc. ("Defendant"), states as follows:

### PARTIES

1.    Plaintiff was at all times relevant hereto a resident of the State of Missouri.

2.    Plaintiff was employed by Defendant and performed services in St. Louis County, Missouri.

3.    Defendant AB Car Rental Services, Inc. ("Defendant" or "AB") is a corporation authorized to conduct business in the State of Missouri with a location at Natural Bridge Road, St. Louis, Missouri.

4.    Defendant had six or more employees during the relevant time periods and is an "employer" as defined by the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, et seq.

1

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

## JURISDICTION AND VENUE

5.    Venue is proper in this Court because the unlawful conduct giving rise to this action occurred in St. Louis County, Missouri.

6.    Plaintiff brings this action pursuant to the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, et seq.

## ADMINISTRATIVE EXHAUSTION

7.    Plaintiff timely dual-filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC), alleging discrimination on the basis of disability and retaliation.

8.    Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR"), which issued a Notice of Right to Sue on June 11, 2025. A copy of this notice is attached hereto, marked as Plaintiff's "Exhibit 1", and made a part hereof as if fully set forth herein.

9.    Plaintiff has satisfied all conditions precedent to filing this action, and this Petition is timely filed within ninety (90) days of receipt of said Notice.

## FACTUAL ALLEGATIONS

10.    Plaintiff was employed by Defendant as a mechanic beginning in January 2005.

11.    During his employment, Plaintiff was a member of the International Association of Machinists and Aerospace Workers District No. 9.

12.    In 2020, Plaintiff suffered a heart attack and took time off work.

13.    In April 2023, Plaintiff experienced serious cardiac issues requiring placement of a stent, which substantially limited major life activities, including working and cardiovascular function.

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

14.     Plaintiff's doctors believed that stress and long working hours at Defendant's facility contributed to his health decline.

15.     Plaintiff developed anxiety and depression due to his working environment and spoke to his supervisors about his health and requested to limit his work hours to eight hours per day.

16.     On or about May 20, 2023, a supervisor demanded that all staff work over the weekend.

17.     Plaintiff notified Defendant of physician-imposed work restrictions limiting his hours to eight per day due to serious cardiac conditions and requested leave time for medical reasons.

18.     Defendant ignored Plaintiff's health needs and issued a write-up for his absence.

19.     On May 25, 2023, despite needing time off for health reasons, Plaintiff was forced to work under threat of being written up.

20.     In July 2023, Plaintiff's mental and physical health continued to deteriorate.

21.     On or about July 5, 2023, Plaintiff met with Jim Hyatt, Regional Manager, to discuss his health and requested a change in his hours.

22.     Plaintiff sought to utilize medical leave available under Defendant's policies and practices applicable to employees with serious health conditions.

23.     Plaintiff was denied his request for medical leave.

24.     Following Plaintiff's requests and discussions about his health, Defendant subjected Plaintiff to a hostile work environment and engaged in actions interfering with his ability to perform his job.

3

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

25.     Upon information and belief, Defendant, by and through its agents, hid vehicle parts Plaintiff needed to make his repairs.

26.     Upon information and belief, Defendant, by and through its agents, impeded Plaintiff's ability to work by parking vehicles around Plaintiff's workspace.

27.     Upon information and belief, Defendant, by and through its agents, closed out Plaintiff's repairs before completion.

28.     Upon information and belief, Defendant, by and through its agents, ignored Plaintiff's emails.

29.     Upon information and belief, Defendant, by and through its agents, scheduled buses to be out running when Plaintiff was assigned to work on them.

30.     Plaintiff believes these actions were taken in retaliation for his requests for time off due to his health conditions.

31.     Defendant's conduct created a work environment that was intimidating, hostile, and offensive to Plaintiff, adversely affecting the terms and conditions of his employment.

32.     On or about July 31, 2023, Defendant suspended Plaintiff without pay and ordered him to leave the worksite.

33.     Plaintiff was suspended without pay for several days while Defendant conducted an investigation.

34.     On August 18, 2023, Defendant accused Plaintiff of stealing company time by not accurately completing and recording a repair to a vehicle and leaving his work area without managerial permission.

35.     Defendant thereby began the termination process of Plaintiff's employment.

36.     Plaintiff was not given a proper opportunity to personally address the allegations.

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

37.     Plaintiff, upon having an opportunity to address the allegations, would have been able to explain the exact repair that he had done and that he had done it satisfactorily.

38.     Plaintiff would have also been able to address the fact that he was accused of leaving his work area without permission.

39.     Upon information and belief, no employees of Defendant need to regularly seek any managerial approval to remain in any location in the shop.

40.     Being a member of the International Association of Machinists and Aerospace Workers District No. 9, Plaintiff soon afterwards began attempts to appeal the company's termination decision before it was final.

41.     Plaintiff at all times through December 2023 believed that he would return to work for Defendant through an appeal with the collective bargaining agreement grievance process.

42.     Defendant's conduct, such as Defendant retaining Plaintiff's tools and personal property on its premises until December 2023, did not indicate otherwise.

43.     A union representative for Plaintiff met with agents of Defendant in September 2023 for the first step of the grievance process to contest the termination.

44.     After Defendant did not overturn its termination decision, prompting Plaintiff's union representative to request that the dispute be moved to the next phase of the process under the collective bargaining agreement on September 13, 2023.

45.     On October 10, 2023, Defendant represented to Plaintiff's union representative that it believed that there was no further grievance procedure available to Plaintiff and refused to set another meeting or initiate arbitration.

46.     On September 8, 2025, Defendant formally declined to arbitrate this matter.

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

## COUNT I – VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### (DISABILITY DISCRIMINATION)

47.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1–47.

48.     Plaintiff is an individual with disabilities within the meaning of Mo. Rev. Stat. § 213.010, including cardiac impairment requiring stent placement, anxiety, and depression, which substantially limit major life activities, including cardiovascular function, working, and sleeping.

49.     Throughout his employment from January 2005 through August 2023, Plaintiff successfully performed the essential functions of his mechanic position, including diagnosing vehicle problems, performing repairs, completing work orders, and maintaining fleet vehicles according to Defendant's standards.

50.     Plaintiff was subjected to severe and unwelcome discrimination based on his disability, including, but not limited to, that contained within this Petition.

51.     Defendant's discriminatory animus is evidenced by the temporal proximity between Plaintiff's disability-related disclosures and requests in May and July 2023 and the sudden accusations of violations in July 2023.

52.     Defendant discriminated against Plaintiff based on his disabilities by subjecting him to adverse employment actions, including suspension, termination, and interference with his ability to perform his job.

53.     As a direct result, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

## COUNT II – RETALIATION UNDER THE MHRA

54.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1–53.

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

55. Plaintiff engaged in protected activity by requesting medical leave and workplace modifications pursuant to his rights under Mo. Rev. Stat. § 213.055, which prohibits discrimination against individuals with disabilities.

56. Defendant retaliated against Plaintiff for engaging in this protected activity by subjecting him to adverse employment actions, including suspension, termination, and interference with his ability to perform his job.

57. As a direct result, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

## COUNT III – HOSTILE WORK ENVIRONMENT UNDER THE MHRA

58. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1–57.

59. Following Plaintiff's disclosure of his cardiac disabilities and requests for medical leave and work-hour limitations, Defendant's agents and employees engaged in a pattern of conduct that materially altered the conditions of Plaintiff's employment.

60. Defendant's agents systematically interfered with Plaintiff's ability to perform his mechanical duties through actions including but not limited to: denying access to necessary repair parts that had previously been readily available; obstructing Plaintiff's assigned workspace with vehicles unrelated to his repair assignments; closing repair tickets in Defendant's computer system before Plaintiff could complete the work, thereby preventing him from receiving credit for completed repairs; removing vehicles from the premises that were scheduled for Plaintiff's repair; and failing to respond to Plaintiff's work-related communications necessary for him to complete assigned tasks.

61. These obstructive actions occurred with increasing frequency following each instance in which Plaintiff referenced his cardiac condition or need for medical accommodation,

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

establishing a direct temporal relationship between Plaintiff's disability-related requests and the escalating workplace interference.

62.    The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an objectively hostile and abusive work environment that a reasonable person with cardiac disabilities would find intolerable.

63.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, exacerbation of his cardiac condition and anxiety, and other compensable damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Award Plaintiff actual damages, including back pay, front pay, and lost benefits in an amount to be determined at trial;

B. Award Plaintiff compensatory damages for emotional distress, mental anguish, and loss of enjoyment of life;

C. Award Plaintiff reasonable attorneys' fees and costs;

D. Award prejudgment and post-judgment interest as allowed by law;

E. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury in the Circuit Court of Saint Louis County, Missouri, on all counts and allegations of wrongful conduct alleged in this Petition.

Electronically Filed - St Louis County - September 09, 2025 - 02:48 PM

Respectfully submitted,

**DONNER APPLEWHITE, ATTORNEYS AT LAW**

By:  */s/ Christopher J. Herman*

Christopher J. Herman, #75841
906 Olive Street, Suite 1110
St. Louis, Missouri 63101-1949
Phone:        (314) 240-5351
Facsimile:    (888) 785-4461
Email:        Chris.herman@da-lawfirm.com

*Attorneys for Plaintiff*

9

# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

**RECEIVED**

OCT 1 0 2025

COLE COUNTY
SHERIFF'S OFFICE

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | Case Number: 25SL-CC10049 |
| Plaintiff/Petitioner:<br>ANDREW SARNIGUET<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER JUSTIN HERMAN<br>10206 MADISON OAKS<br>FESTUS, MO 63028 |
| Defendant/Respondent:<br>AB CAR RENTAL SERVICE, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp for Return) |

The State of Missouri to:   AB CAR RENTAL SERVICE, INC.
Alias:

CSC-LAWYERS INC SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**FILED**

OCT 2 7 2025

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 17-SEP-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD



SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-151611** of 2 (25SL-CC10049)    Civil Procedure Form No. 1, SCR 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case Number: 25SL-CC10049

## Officer's or Server's Return

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:
_CSC lawyers, S Lewis_ (name) _designee_ (title).

☐ other: _____.

Served at _350 E High_ (address)

in _Cole_ (County/City of St. Louis), MO, on _10-14-2025_ (date)

at _800 AM_ (time).

_Sheriff Jon P Wheeler_ by _Aimee Wry_

Printed Name of Officer or Server      Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____ _____
                                    Date                    Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  25SL-CC10049 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ANDREW SARNIGUET<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER JUSTIN HERMAN<br>10206 MADISON OAKS<br>FESTUS, MO  63028 | |
| Defendant/Respondent:<br> AB CAR RENTAL SERVICE, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

The State of Missouri to:    **AB CAR RENTAL SERVICE, INC.**
                             **Alias:**

**CSC-LAWYERS INC SERV CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***



| 17-SEP-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

***ST. LOUIS COUNTY***

**Further Information:**
AD

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
     Printed Name of Officer or Server                     Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                                                          Date                           Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.