**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
DIVISION**

ANDREW SARNIGUET,

    Plaintiff,

    vs.

AB CAR RENTAL SERVICES, INC.,

    Defendant.

Case No.       4:25-cv-01666

(Removed from St. Louis County Circuit Court, Missouri – 25SL-CC-10049)

**DEFENDANT AB CAR RENTAL SERVICES, INC.'S
ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S
COMPLAINT**

COMES NOW Defendant AB Car Rental Services, Inc. ("AB" or "Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative and Other Defenses to Plaintiff's Complaint, states as follows:

**PARTIES**

1.    Plaintiff was at all times relevant hereto a resident of the State of Missouri.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint and therefore, denies the same.**

2.    Plaintiff was employed by Defendant and performed services in St. Louis County, Missouri.

**ANSWER:   Defendant admits it employed Plaintiff to perform work for Defendant in St. Louis County, Missouri. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint and therefore, denies the same.**

3.      Defendant AB Car Rental Services, Inc. ("Defendant" or "AB") is a corporation authorized to conduct business in the State of Missouri with a location at Natural Bridge Road, St. Louis, Missouri.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.**

4.      Defendant had six or more employees during the relevant time periods and is an "employer" as defined by the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, et seq.

**ANSWER:    Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it employed Plaintiff and therefore, admits the allegations set forth in Paragraph 4 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

5.      Venue is proper in this Court because the unlawful conduct giving rise to this action occurred in St. Louis County, Missouri.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint. Answering further, Defendant states proper venue for this action is the United States District Court for the Eastern District of Missouri.**

6.      Plaintiff brings this action pursuant to the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, et seq.

**ANSWER:    Defendant admits Plaintiff purports to bring claims under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*. but denies any violation of the law.**

## ADMINISTRATIVE EXHAUSTION

7.      Plaintiff timely dual-filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC), alleging discrimination on the basis of disability and retaliation.

**ANSWER:    Defendant admits Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission but denies any basis for Plaintiff's Charge. Except as specifically admitted herein, Defendant denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.**

8.      Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR"), which issued a Notice of Right to Sue on June 11, 2025. A copy of this notice is attached hereto, marked as Plaintiff's "Exhibit 1", and made a part hereof as if fully set forth herein.

**ANSWER:    Exhibit 1 to Plaintiff's Complaint speaks for itself and, therefore, no response is required. To the extent a response is required, Defendant admits Plaintiff received a Notice of Right to Sue from the Missouri Commission on Human Rights but denies any basis for the Notice of Right to Sue and further denies Plaintiff has exhausted his administrative remedies with the Equal Employment Opportunity Commission or the remedies under the grievance and/or arbitration provisions of the applicable collective bargaining agreement before bringing this action. Except as specifically admitted herein, Defendant denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint.**

9.      Plaintiff has satisfied all conditions precedent to filing this action, and this Petition is timely filed within ninety (90) days of receipt of said Notice.

**ANSWER:    Defendant admits Plaintiff filed his Complaint within ninety (90) days of his receipt of a Notice of Right to Sue from the Missouri Commission on Human Rights but denies any basis for the Notice of Right to Sue. Defendant denies Plaintiff has exhausted his administrative remedies with the Equal Employment Opportunity Commission or the remedies under the grievance and/or arbitration provisions of the applicable collective bargaining agreement before bringing this action and therefore, denies the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.**

**FACTUAL ALLEGATIONS**

10.      Plaintiff was employed by Defendant as a mechanic beginning in January 2005.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint.**

11.      During his employment, Plaintiff was a member of the International Association of Machinists and Aerospace Workers District No. 9.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 11 of Plaintiff's Complaint.**

12.      In 2020, Plaintiff suffered a heart attack and took time off work.

**ANSWER:    Defendant admits Plaintiff took time off work during his employment. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint and therefore, denies the same.**

4

13.     In April 2023, Plaintiff experienced serious cardiac issues requiring placement of a stent, which substantially limited major life activities, including working and cardiovascular function.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Complaint and therefore, denies the same**

14.     Plaintiff's doctors believed that stress and long working hours at Defendant's facility contributed to his health decline.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Complaint and therefore, denies the same.**

15.     Plaintiff developed anxiety and depression due to his working environment and spoke to his supervisors about his health and requested to limit his work hours to eight hours per day.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore, denies the same.**

16.     On or about May 20, 2023, a supervisor demanded that all staff work over the weekend.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.**

17.     Plaintiff notified Defendant of physician-imposed work restrictions limiting his hours to eight per day due to serious cardiac conditions and requested leave time for medical reasons.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.**

18.     Defendant ignored Plaintiff's health needs and issued a write-up for his absence.

**ANSWER:     Defendant states Plaintiff failed to inform Defendant of any "health needs" or utilize leave procedures and therefore, Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.**

19.     On May 25, 2023, despite needing time off for health reasons, Plaintiff was forced to work under threat of being written up.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.**

20.     In July 2023, Plaintiff's mental and physical health continued to deteriorate.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Complaint and therefore, denies the same.**

21.     On or about July 5, 2023, Plaintiff met with Jim Hyatt, Regional Manager, to discuss his health and requested a change in his hours.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.**

22.    Plaintiff sought to utilize medical leave available under Defendant's policies and practices applicable to employees with serious health conditions.

**ANSWER:    Defendant admits Plaintiff sought FMLA leave on August 5, 2022. Except as specifically admitted herein, Defendant denies the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint.**

23.    Plaintiff was denied his request for medical leave.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.**

24.    Following Plaintiff's requests and discussions about his health, Defendant subjected Plaintiff to a hostile work environment and engaged in actions interfering with his ability to perform his job.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.**

25.    Upon information and belief, Defendant, by and through its agents, hid vehicle parts Plaintiff needed to make his repairs.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.**

26.    Upon information and belief, Defendant, by and through its agents, impeded Plaintiff's ability to work by parking vehicles around Plaintiff's workspace.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.**

27. Upon information and belief, Defendant, by and through its agents, closed out Plaintiff's repairs before completion.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.**

28. Upon information and belief, Defendant, by and through its agents, ignored Plaintiff's emails.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.**

29. Upon information and belief, Defendant, by and through its agents, scheduled buses to be out running when Plaintiff was assigned to work on them.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.**

30. Plaintiff believes these actions were taken in retaliation for his requests for time off due to his health conditions.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.**

31. Defendant's conduct created a work environment that was intimidating, hostile, and offensive to Plaintiff, adversely affecting the terms and conditions of his employment.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.**

32.     On or about July 31, 2023, Defendant suspended Plaintiff without pay and ordered him to leave the worksite.

**ANSWER:     Defendant admits it suspended Plaintiff for violations of its work rules and policies and therefore, Defendant admits the allegations set forth in Paragraph 32 of Plaintiff's Complaint.**

33.     Plaintiff was suspended without pay for several days while Defendant conducted an investigation.

**ANSWER:     Defendant admits it suspended Plaintiff for violations of its work rules and policies and therefore, Defendant admits the allegations set forth in Paragraph 33 of Plaintiff's Complaint.**

34.     On August 18, 2023, Defendant accused Plaintiff of stealing company time by not accurately completing and recording a repair to a vehicle and leaving his work area without managerial permission.

**ANSWER:     Defendant admits Plaintiff violated its work rules and policies. Except as specifically admitted herein, Defendant denies the remaining allegations set forth in Paragraph 34 of Plaintiff's Complaint.**

35.     Defendant thereby began the termination process of Plaintiff's employment.

**ANSWER:     Plaintiff admits it terminated Plaintiff's employment on August 18, 2023, and therefore, admits the allegations set forth in Paragraph 35 of Plaintiff's Complaint.**

36.     Plaintiff was not given a proper opportunity to personally address the allegations.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.**

37.     Plaintiff, upon having an opportunity to address the allegations, would have been able to explain the exact repair that he had done and that he had done it satisfactorily.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.**

38.     Plaintiff would have also been able to address the fact that he was accused of leaving his work area without permission.

**ANSWER:     Defendant denies Plaintiff was denied an opportunity to address the basis for his termination. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint and therefore, denies the same.**

39.     Upon information and belief, no employees of Defendant need to regularly seek any managerial approval to remain in any location in the shop.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.**

40.     Being a member of the International Association of Machinists and Aerospace Workers District No. 9, Plaintiff soon afterwards began attempts to appeal the company's termination decision before it was final.

**ANSWER:     Defendant admits Plaintiff was a member of the International Association of Machinists and Aerospace Workers District No. 9 and that Plaintiff filed a grievance in response to his termination. Except as specifically admitted herein, Defendant denies the remaining allegations set forth in Paragraph 40 of Plaintiff's Complaint.**

10

41.    Plaintiff at all times through December 2023 believed that he would return to work for Defendant through an appeal with the collective bargaining agreement grievance process.

**ANSWER:    Defendant denies Plaintiff exhausted the grievance process contained in the applicable collective bargaining agreement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of Plaintiff's Complaint and therefore, denies the same.**

42.    Defendant's conduct, such as Defendant retaining Plaintiff's tools and personal property on its premises until December 2023, did not indicate otherwise.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.**

43.    A union representative for Plaintiff met with agents of Defendant in September 2023 for the first step of the grievance process to contest the termination.

**ANSWER:    Defendant admits it met with Plaintiff's union representative to discuss Plaintiff's grievance. Except as specifically admitted herein, Defendant denies the remaining allegations set forth in Paragraph 43 of Plaintiff's Complaint.**

44.    After Defendant did not overturn its termination decision, prompting Plaintiff's union representative to request that the dispute be moved to the next phase of the process under the collective bargaining agreement on September 13, 2023.

**ANSWER:    Defendant admits it denied Plaintiff's grievance. Defendant denies the remaining allegations set forth in Paragraph 44 of Plaintiff's Complaint.**

45.    On October 10, 2023, Defendant represented to Plaintiff's union representative that it believed that there was no further grievance procedure available to Plaintiff and refused to set another meeting or initiate arbitration.

11

**ANSWER:   Defendant admits it informed Plaintiff's union representative that it abided by all terms and conditions set forth in the applicable collective bargaining agreement. Except as specifically admitted herein, Defendant denies the remaining allegations set forth in Paragraph 45 of Plaintiff's Complaint.**

46.   On September 8, 2025, Defendant formally declined to arbitrate this matter.

**ANSWER:   Defendant admits it declined to arbitrate the allegations set forth in Plaintiff's Charge of Discrimination and therefore, admits the allegations set forth in Paragraph 46 of Plaintiff's Complaint.**

## COUNT I
### Violation of the Missouri Human Rights Act
### (Disability Discrimination)

47.   Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-47.

**ANSWER:   Defendant incorporates its answers to the preceding and subsequent allegations as if fully set forth herein.**

48.   Plaintiff is an individual with disabilities within the meaning of Mo. Rev. Stat. § 213.010, including cardiac impairment requiring stent placement, anxiety, and depression, which substantially limit major life activities, including cardiovascular function, working, and sleeping.

**ANSWER:   Paragraph 48 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of Plaintiff's Complaint and therefore, denies the same.**

49.   Throughout his employment from January 2005 through August 2023, Plaintiff successfully performed the essential functions of his mechanic position, including diagnosing

vehicle problems, performing repairs, completing work orders, and maintaining fleet vehicles according to Defendant's standards.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.**

50.    Plaintiff was subjected to severe and unwelcome discrimination based on his disability, including, but not limited to, that contained within this Petition.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.**

51.    Defendant's discriminatory animus is evidenced by the temporal proximity between Plaintiff's disability-related disclosures and requests in May and July 2023 and the sudden accusations of violations in July 2023.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.**

52.    Defendant discriminated against Plaintiff based on his disabilities by subjecting him to adverse employment actions, including suspension, termination, and interference with his ability to perform his job.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.**

53.    As a direct result, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

**ANSWER:    Defendant denies any violation of the law and therefore, denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.**

## COUNT II
### Retaliation Under the MHRA

54. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1–53.

**ANSWER:    Defendant incorporates its answers to the preceding and subsequent allegations as if fully set forth herein.**

55. Plaintiff engaged in protected activity by requesting medical leave and workplace modifications pursuant to his rights under Mo. Rev. Stat. § 213.055, which prohibits discrimination against individuals with disabilities.

**ANSWER:    Paragraph 55 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.**

56. Defendant retaliated against Plaintiff for engaging in this protected activity by subjecting him to adverse employment actions, including suspension, termination, and interference with his ability to perform his job.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.**

57. As a direct result, Plaintiff has suffered lost wages, benefits, emotional distress, and other damages.

**ANSWER:    Defendant denies any violation of the law and therefore, denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.**

## COUNT III
### Hostile Work Environment Under The MHRA

58. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1–57.

**ANSWER:    Defendant incorporates its answers to the preceding and subsequent allegations as if fully set forth herein.**

14

59.     Following Plaintiff's disclosure of his cardiac disabilities and requests for medical leave and work-hour limitations, Defendant's agents and employees engaged in a pattern of conduct that materially altered the conditions of Plaintiff's employment.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 59 of Plaintiff's Complaint.**

60.     Defendant's agents systematically interfered with Plaintiff's ability to perform his mechanical duties through actions including but not limited to: denying access to necessary repair parts that had previously been readily available; obstructing Plaintiff's assigned workspace with vehicles unrelated to his repair assignments; closing repair tickets in Defendant's computer system before Plaintiff could complete the work, thereby preventing him from receiving credit for completed repairs; removing vehicles from the premises that were scheduled for Plaintiff's repair; and failing to respond to Plaintiff's work-related communications necessary for him to complete assigned tasks.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.**

61.     These obstructive actions occurred with increasing frequency following each instance in which Plaintiff referenced his cardiac condition or need for medical accommodation, establishing a direct temporal relationship between Plaintiff's disability-related requests and the escalating workplace interference.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.**

62.     The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an objectively hostile and abusive work environment that a reasonable person with cardiac disabilities would find intolerable.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.**

63.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, exacerbation of his cardiac condition and anxiety, and other compensable damages.

**ANSWER:     Defendant denies any violation of the law and therefore, denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Award Plaintiff actual damages, including back pay, front pay, and lost benefits in an amount to be determined at trial;

B.     Award Plaintiff compensatory damages for emotional distress, mental anguish, and loss of enjoyment of life;

C.     Award Plaintiff reasonable attorneys' fees and costs;

D.     Award prejudgment and post-judgment interest as allowed by law;

E.     Grant such other and further relief as this Court deems just and proper.

**ANSWER:     Defendant denies any violation of law or that Plaintiff is entitled to any relief. Defendant requests this Court enter judgment in its favor and against Plaintiff, and award Defendant attorneys' fees, and other such relief as the Court deems just and proper.**

16

**FOR JURY TRIAL**

Plaintiff requests a trial by jury in the Circuit Court of Saint Louis County, Missouri, on all counts and allegations of wrongful conduct alleged in this Petition.

**ANSWER:** Defendant admits Plaintiff purports to demand a jury trial on all claims asserted in his Complaint. Defendant denies any basis for Plaintiff's Complaint and therefore, denies trial is warranted.

**AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that it bears any burden of proof as to any of them, Defendant asserts the following affirmative and other defenses. Defendant reserves the right to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer to assert all such further defenses.

1. Defendant denies each and every allegations and legal conclusion contained in Plaintiff's Complaint, which Defendant has not specifically admitted.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Defendant denies any of its employees or agents acted within the course and scope of their employment or agency, violated any statute, or caused damage or injury to Plaintiff.

4. Plaintiff has failed to comply with the statutory and regulatory requirements necessary to bring this action.

5. Plaintiff's claims for punitive damages are barred because imposition of such damages against Defendant would violate the Constitution of the United States of America

17

and/or the Constitution of the State of Missouri; moreover, Plaintiff has not pled facts which would satisfy the standard for such damages.

6. Any action taken with respect to Plaintiff was for reasons other than Plaintiff's alleged protected classes and/or activities.

7. Plaintiff was not subject to an adverse employment action because of any alleged protected classes and/or activities.

8. Defendant's actions with respect to the terms and conditions of Plaintiff's employment were based on legitimate, non-discriminatory, and non-retaliatory reasons and were made in a good faith exercise of reasonable business judgment and such decision(s) would have been the same even without any such alleged unlawful, discriminatory, or retaliatory motive.

9. Pleading hypothetically and in the affirmative, Defendant states there is no causal connection between any alleged protected classes and/or activities and any alleged employment action taken with respect to Plaintiff.

10. Plaintiff's hostile work environment claim fails because his work environment was not objectively or subjectively offensive, he was not harassed based on a protected class, he did not experience unwelcome conduct due to a protected class that was either severe or pervasive, and there is no basis for employer liability.

11. Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm, including not reporting alleged discrimination, harassment, or retaliation pursuant to Defendant's policies and procedures.

12.     **Plaintiff did not suffer from a disability as defined under the Americans with Disabilities Act or the Missouri Human Rights Act.**

13.     **All events which occurred more than 180 days prior to the filing of Plaintiff's Charge of Discrimination with the Missouri Commission on Human Rights are untimely under the Missouri Human Rights Act and are not properly assertable in this action.**

14.     **Plaintiff's claims for damages are barred in whole or in part because he failed to make reasonable efforts to mitigate his alleged damages. Alternatively, if Plaintiff did mitigate his alleged damages, Defendant is entitled to an offset against any damages allegedly due to Plaintiff.**

15.     **Plaintiff's claims for damages are limited by the damages caps imposed by the Missouri Human Rights Act.**

16.     **Plaintiff's claims and/or relief he seeks are barred in whole or in part by the equitable doctrine of unclean hands and Plaintiff's failure to act in good faith.**

17.     **Plaintiff's claims fail because his performance did not meet Defendant's legitimate expectations, Plaintiff was not treated less favorable than any similarly situated employee outside of his alleged protected class, and there is no evidence giving rise to an inference of discrimination or retaliation.**

18.     **At all times relevant hereto, Defendant has specific policies against unlawful discrimination and retaliation in the workplace, and such policies were well known to employees.**

19.     **Plaintiff cannot demonstrate severe or pervasive conduct that altered the conditions of his employment or made his working conditions intolerable.**

19

20.     **Plaintiff's claims are barred because Defendant acted in good faith to comply with all applicable laws and took reasonable care to prevent any alleged discrimination or retaliation and took appropriate action to address any complaints reported to Defendant.**

21.     **Plaintiff did not seek leave for a qualified disability, nor did Plaintiff avail himself to the accommodation or interactive process.**

22.     **Plaintiff's Complaint and each cause of action set forth therein cannot be maintained against Defendant because the Complaint fails to state facts sufficient to constitute a cause of action in that the exclusive remedy for Platiniff's claims is the National Labor Relations Act, 29 U.S.C. § 151 et seq.**

23.     **Plaintiff's Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff's claims are substantially dependent on an analysis of a collective bargaining agreement that governs Platiniff's employment, and are therefore preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).**

24.     **Plaintiff failed to exhaust the required administrative procedures under the applicable collective bargaining agreement which governed his employment with Defendant.**

25.     **Defendant reserves the right to amend this Answer to add additional or other defenses as may become apparent or necessary after a reasonable opportunity for discovery or otherwise.**

Respectfully submitted,

/s/ Benjamin R. Marble
Benjamin R. Marble, Bar No. 69207
bmarble@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, Missouri 63101
Telephone:    314.659.2000
Facsimile:    314.659.2099

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of November, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Christopher J. Herman
chris.herman@da-lawfirm.com
Donner Applewhite, Attorneys at Law
906 Olive Street, Suite 1110
St. Louis, Missouri 63101

*Attorney for Plaintiff*

/s/ Benjamin R. Marble
Benjamin R. Marble